210-0279, Joanne Neal. This is Oxford Health System. Good morning, Your Honors. In the police court, my name is Jason Esmond. I'm here on behalf of the plaintiff's appellant, Joanne Neal. There are two main issues presented for review before this court. The first is whether the plaintiff was entitled to a continuance as a matter of law at the time of the hearing before the arbitrator. The second issue is whether the decision of the Workers' Compensation Commission that the plaintiff did not suffer work-related injury arising out of and in the course of her employment was against the manifest way to the evidence. I'd like to address the first issue initially. You didn't try this case, did you? What's that? I did not. I came in. Well, don't take any questions personally. No, I'm not. That's what we're working up to. Yes. The first issue, whether the plaintiff was entitled to a continuance as a matter of law, should be reviewed under the de novo standard of review as it involves an issue of statutory interpretation. The plaintiff's initial claim was filed on July 22, 2005. The defendant sent the plaintiff for an examination by Dr. Kaler on August 4, 2004. Subsequently, Dr. Kaler's deposition was taken on March 23, 2007. Subsequent to Dr. Kaler's deposition, the plaintiff sought substitute counsel, and my office became involved in the plaintiff's claim around September 21, 2007. The case was brought to hearing before the arbitrator on May 15, 2008. At trial, the plaintiff requested a continuance to acquire an independent medical examination. At the time, the arbitrator denied the request for a continuance based on the Marks v. Acme Industries decision. Is there any reason why there wasn't a request to go get an independent NIME before you started the trial? Based on the Marks decision, once a doctor is deposed. Well, you had that hurdle months before trial, you had that hurdle at trial. I mean, in this case, your office asked for an arbitration hearing date, sent in a request for hearing, appeared, agreed to proceed, allowed all documentary evidence to be admitted into evidence, then said, oh, can we get an IME without really saying much other than that, no, okay, let's go ahead. That's basically what happened, isn't it? Well, not you personally, again. It appears to be, yes. Based on the evidence, the record, I would agree that would be the case. I mean, you know, if Marks was your problem, I mean, you could have, you know, for one thing, you could have hired a doctor, had him examined, you know, then asked to take the deposition, filed a motion to do that, argued all that out in front of the arbitrator, really fleshed it out. This is true. I'm not sure why the issue wasn't raised before the date of hearing. However, based on the fact that the case was less than three years old at the time of hearing. Of course, the rules say that the parties agree to proceed with the hearing. Yes. Three years doesn't have anything to do with it, does it? I would argue that whether or not there was an agreement to proceed to hearing prior to the request for the continuance, at that time, the plaintiff was voicing their withdrawal of that agreement in requesting a continuance to. Okay. Where was that in the record? I would say it is directly implied by the request for a continuance to obtain that examination. Well, you have another issue going on here. And, you know, Justice Stewart's questions relating to the lack of diligence in requesting the continuance and could have done earlier, but there might have been a way to save it. But here's really the other critical issue is whether or not good cause was shown in support of the request for the continuance after the hearing had commenced. So was there any, what good cause was shown? What reason was proffered for the continuance? Why it was necessary? When was this going to be done? Where is the good cause shown in this record? Point us to it. First of all, based on the statute, I would argue that good cause isn't necessary when the case is under 3 years old and the parties aren't agreeing to the hearing. We may not agree with that. But the parties are not agreeing to the hearing? Right. But you now say you didn't agree to a hearing. I'm saying that at the time of the request for the continuance, that is a withdrawal of anything. In effect, revoking your agreement when you move to the continuance. I suggest you go to a fallback position. You may have agreed or your predecessor agreed to the continuance, so can you point us to anything remotely showing good cause in support of the oral request for continuance? As you mentioned, the commission and the circuit court both made their opinion that good cause was not shown in the oral request for continuance.  I would also argue that there is no reason for not having obtained the IME prior to the hearing date. Is there anything you can say to dispute that? Well, at the time of our involvement in the file, in September of 2007, the deposition of Dr. Kaler had already been performed. Based on the marks decision, any subsequent IME that was offered would not be allowed on the record. And so without any reason to believe that they would be able to get the IME put in on the record and get the doctor's opinion put in, they had no reason to request an IME before then. Before, I guess, to request a continuance in the middle of the arbitration hearing. I'm not sure if at that time maybe they had a premonition that the marks decision was soon going to be reversed. However, after the decision of the arbitrator and before the decision became final with the commission, the marks decision was reversed. Why didn't you get an IME before the doctor's deposition? I can't answer that. The doctor's deposition was performed before my office came in contact with the file. Because he rendered his opinion on October the 19th of 05 and wasn't disposed until March the 23rd of 07. Which also symbolizes the date of the deposition. So he had plenty of time prior to the deposition to get an IME. I would believe that the previous counsel did have plenty of time to get the IME, and for whatever reason they failed to do so. Did previous counsel ask you to argue this case on appeal? No, we were given this case prior to the arbitrator's decision when we tried the case before the commission of taking the appeal off. What about the causal connection issue? I think you've made your arguments on the continuance issue. They found it was not, the commission found it was not causally related. Why is that against the manifesto of the evidence? The opinion of Dr. Kaler was based, initially Dr. Kaler found that our client's condition was likely related to her work activities. That her job activities had probably caused her carpal tunnel syndrome. At the request of the defendant, Dr. Kaler was given different information regarding the amount of work, the amount of beds, as they call them, that the plaintiff cleaned. Based on this new information, Dr. Kaler then changed his opinion and offered the opinion that the activities were insufficient to support the carpal tunnel syndrome. However, the plaintiff testified that she had cleaned more beds than the information that was later provided to Dr. Kaler indicated. She also testified that when she would help other employees in their cleaning, that only the employee assigned to the bed would get credit and that would be the only employee that would show up on the printout that explained how many beds were cleaned. So if our client was assisting an employee, if their name wasn't on the bed, they wouldn't get credit for that cleaning. Without getting into all the facts, is it clear then that at the end of the day, neither of your claimant's treating physicians expressed the opinion her medical condition was work-related? The employer responded and introduced the opinion of two physicians that her medical condition was not work-related. So how do we find that that's against the manifest way of the evidence? Dr. Kaler's opinion was based on an incomplete understanding of how much work she actually performed. Okay, so that's your expert. That's their expert. It's their expert, okay. What testimony do you have? What medical evidence did your side of the case present to support the claimant? Only the claimant's medical records and testimony, which indicate that she began to experience these problems in 2003. She also testified that the quantity of beds that she was able to clean decreased with her increase of symptoms. Against that, there was two doctors saying that her condition was not work-related. She continued to work. Her treating medical records note that her symptoms are aggravated by her work activities. The doctor didn't offer and was never asked for his opinion regarding causation. He merely treated her condition and noted that her symptoms were increased with her work activities. Like I said, Dr. Kaler was basing his opinion on an incomplete understanding. And the records that were provided to Dr. Kaler regarding the quantity of beds she cleaned and the amount of work she performed were all records that were subsequent to her beginning to experience the symptoms in 2003. Also, Dr. Weiss' opinion can be discredited entirely as he offers the opinion that work activities can only be a causative factor in the development of carpal tunnel syndrome if they are vigorous vibrations such as the use of a chainsaw or jackhammer, and that anything short of that could not have any causative effect on carpal tunnel syndrome. Do you think the problem as far as the commission's decision from you is, you know, the problem is whether or not the opinions the Respondent had were that great versus you having no opinions? I think that is an accurate assessment. Okay. Are there no further questions? Thank you. You'll have time on rebuttal. Thank you. Counsel, please. Good morning, Your Honor. This is Carole Hartline on behalf of the Respondent from Rockford Health System. Your Honor, they addressed the two major issues in the case, the first being the continuance and the second being... Keep your voice up a little more. ...with regards to the manifest weight of the evidence. I think the justices, some of the justices pointed out the issue with the continuance, and our argument, firstly, is that Ms. Neal waived the argument of failure to provide written notice. First of all, because she didn't timely raise the issue in the tribunal of original jurisdiction. She did not raise it at trial, but she also did not raise it at the commission level when she filed the appeal. The only issues that were brought at that time by Ms. Neal was the fact that she had good cause, claiming that based on the change in law from March to the city of Chicago, that they had good cause, that they should have been allowed more time to get the independent medical examination. And the second one was that they did, in fact, prove by the manifest, by providers of the evidence, that her injuries were cause-related to her job duties. The commission did not bring the issue of notice sua sponte either. So, therefore, by not bringing it, the Petitioner has waived that notice argument. Secondly, though, I believe they waived it in the underlying case when they agreed at trial, Your Honor. Counsel today agrees that they agreed to set the case for trial. It wasn't until March 15th during the actual proceedings that they made the oral motion for more time to get the examination. What they're pointing to in their brief, which they did not touch on today, but what they touched on in their brief was part of the administrative code, specifically the 720, excuse me, 730.20C, that states when a case can be set for trial. But that section explicitly states motions do be filed if there's no agreement. But there wasn't, in fact, an agreement in this case. The argument is, well, we took back the agreement. Well, let's say that that happened, that we agreed that they took back that. Well, even under Section 7030.20, it refers the parties back to 7020.70, subsection 2, that the parties may waive notice. So inherently, when they first agreed to set the case for trial, they waived notice issue because there's already an agreement. Now they're saying, yes, we agreed, we waived, inherently waived notice, but on the day of trial, we take everything back. I'm not saying that they could not make an oral motion to ask for the continuance. But then you can't later, after trial and after going before the commission, then say we never got notice. Because that's not what happened. What happened was they agreed to do it. And they're allowed to waive it. It's not an issue that can't be waived. Clearly under the administrative code, they can waive notice, which is what they did. If we go to the next step, which is whether or not the commission abused its discretion in denying the motion to continue. The brief talks about, from the petitioner, Ms. Neal, is that the commission's decision is erroneous because of marks. But clearly the commission did not rely on marks. Their reliance and their decision is that they believe, based on the representation at the time that we appeared in the commission, that they had plenty of time to get the examination, to schedule it, and have the report, to then attempt to present an evidentiary argument. Let me ask you a very basic fundamental threshold question. We talk about the standard of abusive discretion. Yeah, I think that's correct. But abusive discretion based on what? What is your understanding of what, if any reason, was tendered by the claimant's attorney for the continuation? Why was the continuance necessary? Was there any explanation given or reasons given for it? Not on the record, Your Honor. I can tell you personally from communications I had with the two private counsels. Well, that wouldn't be something we could hang our head on, your personal communications. No. What on the record was said to justify a continuance? Nothing, Your Honor. Well, if nothing was said, how could the court, you need not allow any argument, abuse its discretion? I agree, Your Honor. But I think the commission goes further in their decisions stating specific reasons why, that they felt that he had sufficient time to get the examination. I think those indications in the decision themselves from the commission is sufficient to show that they did not abuse their discretion. They went further. I agree that they probably didn't have to, but it was helpful to me. What about the causal connection issue? I believe based on the evidence that was presented, there was sufficient facts for the commission to reasonably rely on to find that Ms. Neal did not prove that there was a causal connection between your injuries and the accident that she was claiming. We did provide, we did in fact have her examined twice by Dr. Kaler. They've indicated there were some issues with Dr. Kaler's opinion. The issue with Dr. Kaler's opinion is that he originally indicated in his report that he thought that she told him, she disputes that she told him that she cleaned 26 beds. Well, she testified at trial that that's not in fact what happened. She indicated, no, I did not. And of course, Dr. Kaler said based on what her actual job duties were, he did not believe they caused her condition. She was then examined by Dr. Weiss who also gave the opinion that her job duties did not cause the accident. However slim that the petitioner sees that evidence, it's still sufficient enough for the commission to rely on to make the decision that she failed to prove it. Who has the burden of proof of proving causal connection? The petitioner. Did the petitioner offer any evidence of causal connection? No, Your Honor. So would it have mattered if you even presented any expert testimony? I would like to think no, but I wouldn't have gone to trial without something. So based on those issues, Your Honor, we'd ask that the commission's decision be affirmed. Thank you. Counsel Rebuttal. Very briefly. I agree that the section of the rules that counsel mentioned 7020.70 do mention that waiver of notice is a possibility. There's nothing in the record that indicates that waiver was expressly or notice was expressly waived. Based on the rules, I would argue that the arbitrator does not have discretion to deny the continuance as the case was under three years old. So your argument is that the red line rule is meant to prevent people from going to trial earlier than three years as opposed to forcing people to go to trial if they don't do it before three years. No, I would argue that it's not meant to prevent them from going to trial, but it's meant to present them from going to trial where they haven't agreed to go to trial without the procedural requirements that are laid out in section 703020. How can you say you didn't agree to go to trial? I mean, how do you take back your agreement to go to trial halfway through the trial? I don't know that there was an express agreement to go to trial. Well, they signed a stiff sheet. Stiff sheet said, we agree. We're prepared to try this case on that day. But then she proceeded. She was signed that day. And at the first opportunity to raise the objection to going to trial, the council requested the continuance in order to first opportunity. You know, there was no joint request for it. Probably the stiff sheet that was filled out was filled out by both parties. It was filled out by both parties. It was going to happen that day. I can't stipulate to speculate to what's not in the record. But if you're looking at third party objectively on it. I mean, to not proceed when you have all these cases that need to be tried and you're taking up an arbitrator's time, it would be hard to argue against good cause. Like I said, I don't want to speculate what isn't in the record. It's, I suppose, entirely possible that prior to going on the record that the arbitrator informed counsel that they were going to trial, that he mentioned his possibility of raising this request for continuance. Exactly. That would be the time for counsel to say, well, okay, I want to put that on the record before we start putting any evidence on it, instead of offering exhibits and having them admitted. And, you know, anyway. That would have been helpful. Thank you. Thank you, counsel. The court will take the matter under advisement for deposition.